CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 5 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 4:03cr70134-4 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| JOHNNY OTIS DILLARD | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Petitioner, Johnny Otis Dillard, filed this 28 U.S.C. § 2255 motion challenging the court's denial of his motion to reduce sentence pursuant to 28 U.S.C. § 3582(c) and subsequent recharacterization of a second motion on the same grounds as a motion for reconsideration. The court finds that Dillard's claims lack merit and, therefore, denies his § 2255 motion.[1]

I.

Dillard was indicted on September 18, 2003 and pled guilty, pursuant to a written plea agreement on May 19, 2004, to one count of conspiracy to distribute and possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846. Before sentencing, the court ordered a presentence investigation report ("PSR"), which determined Dillard's total offense level to be 37[2] and criminal history category to be II. Based on these determinations, the United States Sentencing Guidelines produced a sentencing range of 235 to 293 months incarceration. Federal statute provided for a sentence of not less than 10 years or more than life. See 21 U.S.C. § 841(b)(1)(A). The court adopted the PSR without change. Thereafter, upon granting the United States' motion for substantial assistance, the court sentenced Dillard to 100

---

[1] The court notes that Dillard's claims may also be untimely and waived; however, the government did not make these arguments in its motion to dismiss and, therefore, the court will consider the merits of his claims. See <u>United States v. Sanders</u>, 247 F.3d 139, 143 (4th Cir. 2001) (The plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence under § 3582(c) does not affect the finality of a criminal judgment.).

[2] Dillard's total offense level of 37 resulted from a base offense level of 38, a two level increase for possession of a firearm during the commission of the offense (38 + 2 = 40), and 3 level decrease for acceptance of responsibility (40 - 3 = 37).

months incarceration. Dillard did not appeal.

On February 8, 2008, Dillard filed a motion to reduce his sentence pursuant to 28 U.S.C. § 3582(c) arguing that he was entitled to a reduction based on Amendment 706 of the United States Sentencing Guidelines. On August 8, 2008, the court denied Dillard's motion, finding that he was ineligible for a reduction because the offense involved 4.5 kilograms or more of cocaine base, and thus, Dillard's offense level was unchanged under Amendment 706. Dillard did not appeal.

On January 9, 2009, Dillard filed another motion to reduce sentence pursuant to § 3582(c), seeking relief on the same grounds as his previous motion. Dillard alleges that he filed his second motion to reduce sentence because the first motion "did not have the right information in it." The court construed this second motion as a motion for reconsideration of the order denying his first motion to reduce sentence and then denied it as untimely filed. Dillard appealed and the United States Court of Appeals for the Fourth Circuit affirmed this court's decision.

Dillard filed the instant § 2255 motion on June 11, 2009.

## II.

Dillard argues that the court erred in denying his motion to reduce sentence pursuant to § 3582(c) based on Amendment 706 because the court incorrectly determined that 1) he was responsible for more the 4.5 kilograms of cocaine base and 2) his base offense level was 38. However, upon review of the record, the court finds that Dillard's PSR, which the court adopted without change, correctly determined his *base* offense level to be 38 based on the determination that Dillard was responsible for at least 30 kilograms of cocaine base.[3] Therefore, the court finds that

---

[3] The court notes that Dillard may be confused between the terminology of a *base* offense level and a *total* offense level. In this case, although Dillard's *base* offense level was 38, after applicable adjustments, his *total* offense level was calculated to be 37.

2

Dillard's claim lacks merit.

Dillard, by his own admission, conspired to distribute cocaine base from the trailer for approximately one year. During this time, his co-defendant, and co-conspirator, admitted that he sold one kilogram of cocaine base from the trailer approximately every ten days for over two years, and another co-conspirator admitted that he sold one-half kilogram of cocaine base from the trailer on a weekly basis. Therefore, the court finds it appropriate to hold Dillard accountable for at least 30 kilograms of cocaine base when considering his relevant conduct. Further, pursuant to U.S.S.G. 2D1.1(c)(1), based on 30 kilograms of cocaine base, Dillard's *base* offense level is a 38. The court, by adopting the PSR at Dillard's sentencing hearing, adopted these determinations of drug weight attributable to Dillard and his base and total offense levels.[4] Dillard did not appeal these determinations and they were not open for negotiation upon his motion to reduce sentence. Accordingly, the court finds that it properly denied Dillard's § 3582(c) motion.

### III.

Dillard also claims that the court erred in construing his second motion to reduce sentence as a motion for reconsideration. However, the court finds that this claim has no merit and, therefore, dismisses it.

Courts may recharacterize a motion to avoid unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion and its underlying legal basis. Castro v. United States, 540 U.S. 375, 381-82 (2003). The purpose of a motion for reconsideration is to correct "manifest errors of

---

[4] The court notes that Dillard had the opportunity to review the PSR and its calculations with his attorney prior to sentencing. And, Dillard objected to him being attributed more than 30 grams of cocaine base; however, the court overruled this objection and adopted the PSR.

law or fact...." DIRECTV, Inc. v. Hart, 366 F.Supp.2d 315, 317 (E.D.N.C. 2004) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985)); see also United States v. Dickerson, 971 F.Supp. 1023, 1024 (E.D. Va. 1997). "A motion to reconsider is appropriate where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." DIRECTV, Inc., 366 F.Supp.2d at 317.

In this case, the court denied Dillard's first motion to reduce sentence under Amendment 706 on the basis that his offense involved 4.5 kilograms or more of cocaine base, and thus, he was not eligible for a reduction. Dillard's second motion to reduce sentence was based on the same Amendment and he argued that he "was never held responsible for 4.5 kilograms or more of crack [and], as a matter of fact he was never at a level 38." He further alleged that "the probation officer, or the government must have misinform[ed] the court...." Therefore, the court remains convinced that it properly construed Dillard's second motion as a motion for reconsideration. Moreover, even if the court had not so construed Dillard's motion, the second motion to reduce sentence would have been denied on the same ground as the first.

IV.

For the foregoing reasons, the court denies Dillard's § 2255 motion.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

ENTER: This 25th day of January, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE